**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN LEMAR,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SECURITAS SECURITY SERVICES** | : | |
| **USA, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Stephen Lemar (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Securitas Security Services USA, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and Section 1981 of the Civil Rights Act ("Section 1981"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, Defendant Securitas Security Services USA, Inc. is a provider of security services with a location at 770 Sumneytown Pike, West Point, PA 19486 and

corporate headquarters located at 9 Campus Drive, Parsippany, NJ 07054.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted his administrative remedies under Title VII, the ADEA and the PHRA.
13. On or about November 13, 2024, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination as well as retaliation against Defendant.
14. The Charge was assigned the Charge Number 530-2025-01314 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 20, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and more than one (1) year after filing his charge but within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.
18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
20. Plaintiff is African American and was born in 1976.
21. On or about March 14, 2023, Defendant Securitas hired Plaintiff in the position of Security Guard to work out of Merck's 770 Sumneytown Pike, West Point, PA 19486 location.
22. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF'S SUPERVISOR MADE COMMENTS THAT HE INTENDED TO TERMINATE PLAINTIFF

23. On August 28, 2024, Mike Bradigan, Security Guard, informed Plaintiff that Timothy Hoffman (Caucasian), Supervisor, had stated that he intended to terminate Plaintiff because "he was too fat to do the tours" or words to that effect.
24. Upon information and belief, Hoffman did not make disparaging comments about Caucasian and/or younger employees at Defendant.
25. Plaintiff spoke to Hoffman about his comments, who admitted to it.

## PLAINTIFF COMPLAINED TO THE ACCOUNT MANAGER ABOUT HOFFMAN'S COMMENTS AND HOW HE FELT TARGETED

26. Later that day, on August 28, 2024, Plaintiff complained to Dale Gerheart (Caucasian), Account Manager, regarding Hoffman's comment and how he felt singled out.
27. Plaintiff proceeded to request a transfer due to being uncomfortable working with Hoffman.

## GERHEART INFORMED PLAINTIFF THAT HE WOULD BE TRANSFERRED, BUT THE TRANSFER DID NOT OCCUR

28. Gerheart informed Plaintiff that he understood and would transfer him shortly.

29. However, Gerheart did not transfer Plaintiff.

**GERHEART ISSUED PLAINTIFF A WRITTEN DISCIPLINE FOR HIS REQUEST TO TAKE TIME OFF THAT HAD BEEN PREVIOUSLY APPROVED**

30. On September 3, 2024, Gerheart issued Plaintiff a write up for requesting off on September 18, 2024, when he allegedly did not have enough paid-time off ("PTO") days left.

31. Previously, on or about August 17, 2024, Plaintiff had requested to take off on September 10, 11 and 18 through Defendant's online system and also informed Andrew Last Name Unknown ("LNU"), Supervisor, of his request.

32. Andrew approved Plaintiff's request for those three (3) days off.

**DEFENDANT ALLOWED A SECURITY GUARD OF A DIFFERENT RACE TO TAKE TIME OFF WITHOUT THE REQUIRED PTO TO COVER IT**

33. Previously, in or around the end of August 2024, Defendant allowed Al LNU (Caucasian or Hispanic), Security Guard, to have a full week off when he only had one (1) PTO day left.

**DEFENDANT REMOVED PLAINTIFF FROM THE SCHEDULE, EFFECTIVELY TERMINATING HIS EMPLOYMENT**

34. On September 4, 2024, Plaintiff discovered that he had been removed from the schedule.

35. Plaintiff attempted to contact Gerheart multiple times, but did not receive a response.

36. Defendant effectively terminated Plaintiff.

37. Plaintiff was 48 years old at the time of his termination.

**DEFENDANT REPLACED PLAINTIFF WITH A CAUCASIAN SECURITY GUARD**

38. Upon information and belief, Defendant replaced Plaintiff with a Caucasian Security Guard.

**DEFENDANT GRANTED THE TRANSFER REQUEST OF A YOUNGER CAUCASIAN SECURITY GUARD**

39. Previously, in or around the end of August 2024, Defendant granted the transfer request of a Caucasian Security Guard in his early 20's from night shift to day shift without issue.
40. Defendant discriminated against Plaintiff due to his race and age and retaliated against him for his complaint of discrimination in violation of Title VII, the ADEA, the PHRA and Section 1981.
41. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
43. Plaintiff is a member of a protected class in that he is African American.
44. Plaintiff was qualified to perform the job for which he was hired.
45. Plaintiff suffered adverse job actions, including, but not limited to termination.
46. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
47. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
48. Defendant discriminated against Plaintiff on the basis of his protected class.
49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
50. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

51. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
53. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).
54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
56. Plaintiff is a member of protected classes in that he is African American.
57. Plaintiff was qualified to perform the job for which he was hired.
58. Plaintiff suffered adverse job actions, including, but not limited to termination.
59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
61. Defendant intentionally discriminated against Plaintiff on the basis of his protected class.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

64. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff was born in 1976.

67. Plaintiff was qualified to perform the job.

68. Defendant terminated Plaintiff.

69. Circumstances exist which give rise to an inference of discrimination against Plaintiff based on age.

70. Defendant has no legitimate non-discriminatory reason for its actions.

71. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

72. Defendant's unlawful discrimination was willful or with reckless disregard to Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

75. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. Plaintiff engaged in activity protected by Title VII.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

80. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – RETALIATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

81. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

82. Plaintiff engaged in activity protected by the ADEA.

83. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

84. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

85. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

86. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

87. Plaintiff engaged in activity protected by the PHRA.

88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

89. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

90. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

91. Plaintiff engaged in activity protected by Section 1981.

92. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

93. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Stephen Lemar, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 17, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*